Leslie BROWN, Plaintiff,

v.

Janet RENO, individually and as State Attorney of the Eleventh Judicial Circuit, In and For Dade County, Florida, Defendant.

No. 84–191–CIV–EPS.

United States District Court, S.D. Florida, Miami Division.

April 30, 1984.

Ellis Rubin, Miami, Fla., for plaintiff.

James M. Miller, Miami, Fla., for defendant.

## MEMORANDUM OPINION GRANTING MOTION TO DISMISS AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

THIS CAUSE comes before the Court on the Defendant's Motion to Dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court having reviewed the record, heard oral argument and being duly advised, it is hereby

ORDERED AND ADJUDGED that said Motion be GRANTED.

Claiming his civil rights were violated, Leslie Brown, a self-proclaimed public activist, brought this action against the Defendant, Janet Reno, the State Attorney, under 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 2000a–6. Plaintiff seeks declaratory and injunctive relief and desires $900,000 in damages. The Defendant has moved to dismiss the complaint based on: (1) prosecutorial immunity and (2) failure to state a claim upon which relief can be granted.

### Prosecutorial Immunity

■ Upon the request of another Black activist in the community, Reno requested the City of Miami to audit funds Brown received from the City for various projects. Those projects involved sports and cultural activities as well as counseling for black youths. Reno's request for the audit and her press releases announcing the audit were well within the scope of Reno's quasi-judicial function as State Attorney. As such, Reno's activities are protected by a cloak of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The policy behind this broad protection is to ensure that prosecutors will not be intimidated by retaliatory suits, nor will they press charges without adequate foundations merely to avoid grey areas between prosecutorially protected areas and investigative or administrative activities which are not protected.

The *Imbler* Court expressly did not resolve whether a prosecutor acting in an investigative capacity can receive absolute immunity; however, that Court certainly did not intend to create the anamolous result that prosecutorial action which could be vaguely considered "investigatory" would be vulnerable to a retaliatory suit. In fact, the Court acknowledged the great difficulties faced by other courts when forced to distinguish between the various prosecutorial functions. 424 U.S. at 430, 431, 96 S.Ct. at 994, 995.

### Failure to State a Claim

■ The Plaintiff also charges that the State Attorney defamed him in statements to the press. This Court is unpersuaded that Plaintiff's claims of embarrassment, humiliation, and inability to even attempt to bid for any additional contracts with the City of Miami or Metro-Dade County result from any alleged deprivation of plaintiff's constitutionally protected rights. Defamation *per se* is generally not actionable under 42 U.S.C. 1983 unless the alleged defamation results in the deprivation of a constitutionally protected right without due process of law. *Cook v. Houston Post*, 616 F.2d 791 (5th Cir.1980).

■ Furthermore, case law does not suggest that reputation alone, apart from some more tangible interests such as employment, is either "liberty" or "property", and thus Brown's allegations are insufficient to invoke the procedural protection of the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1975). The Court further notes that it is unclear how Brown has been "made unable to bid for" city or county grants and, more important, how Brown equates his alleged inability to bid for grants with a deprivation of a constitutionally protected right of employment.

Plaintiff's reliance on *Marrero v. City of Hialeah*, 625 F.2d 499 (5th Cir.1980), to support his defamation claim proceeds, understandably, on Brown's assertion that Reno is not entitled to immunity. However, this Court has already determined that the Defendant was acting within her

prosecutorial role at all times relevant to this case. Her statements to the press were also within the sphere of activity for which prosecutors are given absolute immunity, because the statements were intimately associated with the judicial phase of the criminal process. *See Imbler, supra,* 424 U.S. at 430, 96 S.Ct. at 994; *Marrero, supra,* 625 F.2d at 506.

All that remains is a possible action for defamation, on which the Plaintiff may proceed in state court. This Court is without jurisdiction as there is neither diversity nor a constitutionally protected right at issue.

Based upon the above and foregoing, it is ORDERED AND ADJUDGED that this cause is hereby dismissed.